**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

In re:                                    )
                                          )
SHONDELL M. OLGUIN and                    )        Bankruptcy Case No. 09-31245-HRT
RICKIE E. OLGUIN                          )        Chapter 13
                                          )
        Debtors.                          )
                                          )

**ORDER SUSTAINING TRUSTEE'S OBJECTION TO CONFIRMATION**
**OF CHAPTER 13 PLAN**

        THIS MATTER comes before the Court on the Standing Chapter 13 Trustee's Objection
to Confirmation of Chapter 13 Plan, which was filed November 12, 2009.  The Court, having
reviewed the Objection, the Trustee's brief in support of the objection, and the Debtors' brief in
opposition thereto, hereby finds and orders as follows:

I.      **Background**

        Debtors filed for bankruptcy under Chapter 13 on October 8, 2009.  The Trustee filed an
objection on November 12, 2009, asserting, *inter alia*, that the Debtors' plan did not satisfy the
"best-interest-of-creditors" test under 11 U.S.C. § 1325(a)(4).  Later, at an evidentiary hearing
held on January 14, 2010, the Trustee advised the Court that she intended to expand her objection
to include an objection to the calculation of disposable income as set forth on Form B22C.  The
Court ordered the parties to file lists of stipulated facts and memorandum briefs on this issue.
Both parties filed their briefs on February 25, 2010.  Neither party requested an evidentiary
hearing.

        Having reviewed the briefs, the Court finds that the following facts are undisputed:

1.      Debtors filed their petition for bankruptcy under Chapter 13 on October 8, 2009.
        (Debtors' Mem. Brief ¶ 1; Trustee's Facts ¶ 1.)
2.      Debtors attended their Meeting of Creditors on November 17, 2009.  (Debtors' Mem.
        Brief ¶ 2; Trustee's Facts ¶ 2.)
3.      Debtors completed Form B22C showing a family size of seven.  Debtors listed
        employment income in the amount of $3,838.48 per month for the Debtor and $3,869.87
        per month for the Co-Debtor.  (Debtors' Mem. Brief ¶ 3; Trustee's Facts ¶ 4.)
4.      The family unit living in the household consists of the Debtor, the Co-Debtor, three

children, the Co-Debtor's grandmother and the Co-Debtor's grandfather.[1] (Debtors' Mem. Brief ¶ 4; Trustee's Facts ¶ 4.)

5. The Co-Debtor's grandparents live as part of the family unit and contribute $1,967.00 per month from their Social Security benefits to the household. (Debtors' Mem. Brief ¶ 6; Trustee's Facts ¶ 6.)

6. The Debtors did not include the Social Security contributions from the Co-Debtor's grandparents on Form B22C. (Debtors' Mem. Brief ¶ 7; Trustee's Facts ¶ 7.)

7. The Debtors disclosed the Social Security benefits that the Co-Debtor's grandparents contribute to the household on Schedule I as monies available for the payment of household expenses.

8. The Debtors included the Co-Debtors' grandparents' expenses as part of the household expenses on Schedule J.

## II.  __Summary of Dispute__

The Trustee has objected to the Debtors' statement of current monthly income, arguing that the Social Security benefits that the Co-Debtor's grandparents contribute to the family unit should be included in calculating Debtors' disposable income and the applicable payment period on Form B22C. The Debtors disagree, and contend that 11 U.S.C. § 101(10A) expressly excludes from the definition of "current monthly income" all benefits received from Social Security, including the benefits of non-debtors who are part of the Debtors' household. Thus, the question before the Court is whether money provided by non-debtor grandparents to Debtors is a source of income for the Debtors from which household expenses can be paid such that any resulting excess would be available for payment of creditors.

## III.  __Discussion__

### A.    __Section 101(10A)__

The Bankruptcy Code defines "current monthly income" to mean

(A) the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) . . . and

(B) includes any amount paid by any entity other than the debtor (or in a joint case

---

[1]       Schedule I lists as Dependents of Debtor and Spouse the following: Son (age 17), Daughter (age 15), Daughter (age 8), *Mother* (age 74), and *Father* (age 75). However, in their briefs, both parties state that the seven-person household includes the Co-Debtor's *grandmother* and *grandfather* and refer to the Social Security benefits received by Co-Debtor's *grandmother* and *grandfather*. Though it is unclear what the precise relationship of these household members to Co-Debtor is, since both parties refer to the Co-Debtor's "grandmother" and "grandfather," the Court will also refer to them as such.

the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case, the debtor's spouse if not otherwise a dependent), but excludes benefits received under the Social Security Act . . . .

11 U.S.C. § 101(10A).

### B.   Debtors' Argument

Debtors argue that the "excludes" and "includes" clauses modify "current monthly income" and excludes from "current monthly income" *all* "benefits received under the Social Security Act, even when those benefits are received by a non-debtor.  Debtors contend that the grandparents' Social Security benefits are "directly applied to the support and wellbeing of the Co-Debtor's grandparents" and that the nature of governmental assistance does not change when the recipients are members of the household rather than a debtor or co-debtor.  Debtors also argue that the Social Security benefits are "used to help defray the additional expenses that would result from the presence of recipients of governmental assistance."  The benefits are used to feed, clothe, and house those recipients.

### C.   Trustee's Argument

The Trustee, on the other hand, contends,

Without the comma before "but excludes benefits received under ......" these words would be grammatically referred to as a restrictive clause.  Without said comma the excluded Social Security benefits would refer to those received by and contributed by a non-debtor.  Rather, "but excludes" is conjoined with "includes", and both types of income refer to sources of income *received by* the debtor.

In other words, the Trustee reads the section such that the "includes" and "excludes" clauses of subsection (B) each modify the phrase "average monthly income from all sources that the debtor receives" in subsection (A).   The Trustee also contends that excluding the grandparents' regular contribution to household expenses is at odds with the Code's purpose of ensuring that debtors repay creditors the maximum amount they can afford.

### D.   Court's Analysis

Though the Court disagrees with the Trustee's construction of the statute,[2] the Court agrees with the Trustee that the grandparents' contributions are income for the Debtors and that subsection (B) is limited to Social Security benefits of debtors and co-debtors.

---

[2]   Specifically, the Court does not agree that subsection (B) modifies subsection (A). Both clauses are used to define further the term "current monthly income."

3

There is no doubt that Section 101(10A)'s definition of "current monthly income" relates to the current monthly income of a debtor who has applied for bankruptcy relief. This is true even though the definition is for "current monthly income" instead of "debtor's current monthly income." The same is true for "benefits received under the Social Security Act." The definition applies to a debtor's benefits under that Act, whether or not expressly stated. As it is only to debtors that this section of the Code applies, the Code implicitly protects only those benefits received directly by a debtor.[3]

In reaching this conclusion, the Court is informed by the legislative history surrounding the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 ("BAPCPA").

In regard to the BAPCPA, "legislative materials are of limited assistance in trying to divine the intent of Congress," *In re Lanning*, 545 F.3d 1269, 1280 (10th Cir. 2008). Nonetheless, the Tenth Circuit has held that a Report issued by the House Committee on the Judiciary prior to the enactment of the law may be of use in understanding the purposes behind the law. That report stated:

> The heart of [BAPCPA's] consumer bankruptcy reforms consists of the implementation of an income/expense screening mechanism ("needs based bankruptcy relief" or "means-testing"), which is intended to ensure that debtors repay creditors the maximum they can afford.

*In re Lanning*, 545 F.3d at 1280-81 (10th Cir. 2008) (quoting H.R. Rep. No. 109-31, pt.1, at 2 (2005), *reprinted in* 2005 U.S.S.C.A.N. 88, 89. According to the Tenth Circuit, "While the statement in the House Report is exceedingly general for our purposes and expresses the view only of the members of the Judiciary Committee, it is consistent with the forward-looking approach, which assists a Chapter 13 debtor to propose a confirmable plan and repay creditors the maximum she can afford – no more and no less."

Treating the grandparents' contribution as income for the debtors rather than as excluded income maximizes the funds available for the repayment of Debtors' creditors and is thus consistent with Congress's intention in enacting BAPCPA.

Contrary to what the Debtors might argue, this reading does not work to deprive direct recipients of Social Security benefits (here, the grandparents) of any right that they would otherwise have. Non-debtor Social Security beneficiaries take their benefits free from the reach of the Bankruptcy Code. However, when Social Security recipients give funds derived from their benefits to third parties, the funds have ceased to be in the nature of "benefits" and are more in the nature of currency that has been used by the recipients to save or spend as they choose. Thus,

---

[3]     Thus, the Court respectfully disagrees with the reasoning of *In re Wilson*, 397 B.R. 299 (Bankr. M.D.N.C. 2008).

4

when Co-Debtor's grandparents make a contribution toward the Debtors' household expenses, Debtors are receiving funds from the grandparents, not benefits from the government.  Such funds are part of the "average monthly income from all sources that a debtor receives" and are also an "amount paid by [an] entity other than the debtor, *i.e.*, the grandparents, on a regular basis for the household expenses of the debtor or the debtor's dependents."  11 U.S.C. § 101(10A)(A) and (B).  Thus, the grandparents' regular contribution to the household expenses of the Debtors is not "a benefit received under the Social Security Act" and must be included in the calculation of Debtors' income.

IV.     **Conclusion**

In light of the foregoing, the Court hereby

SUSTAINS the Trustee's objection and

ORDERS that the Debtors shall complete a new Form B22C, and an Amended Plan in which they calculate "current monthly income" consistent with this Order, no later than May 14, 2010.  The Court will make further orders concerning the noticing of an Amended Plan, the filing of objections, and a confirmation hearing by separate document.

DATED this 29th day of April, 2010.

BY THE COURT:

Howard R. Tallman, Judge
United States Bankruptcy Court